IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

THOMAS TOOMES,

      Petitioner,

v.                                  No. 1:16-cv-01181-JDB-egb

UNITED STATES OF AMERICA,

      Respondent.

---

ORDER DENYING CLAIM UNDER *JOHNSON v. UNITED STATES*,
DENYING MOTION FOR COUNSEL,
DISMISSING PORTION OF REMAINING CLAIM,
TRANSFERRING ALL OTHER PORTIONS OF REMAINING CLAIM TO UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT AS SECOND OR SUCCESSIVE
PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On June 23, 2016, Petitioner, Thomas Toomes, filed a motion to vacate, set aside, or

correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)

He subsequently filed an amended Petition (the "Amended Petition"), asserting two grounds for

relief. (D.E. 13.) Petitioner also filed a motion requesting that the Court appoint counsel to

assist him in developing evidence in support of his claims. (D.E. 8.) For the reasons that follow,

Claim 1 and the motion for counsel are DENIED, a portion of Claim 2 is DISMISSED, and the

remaining portions of Claim 2 are transferred to the Sixth Circuit Court of Appeals as a second

or successive petition.[1]

---

[1] Unless otherwise noted, record citations are to documents filed in Case No. ("No.")
1:16-cv-01181-JDB-egb.

1

BACKGROUND

On January 14, 2008, a federal grand jury returned a two-count indictment against Toomes and three other individuals, charging them with conspiring to possess over five grams of cocaine base with intent to distribute (Count 1), and to distribute over five grams of cocaine base (Count 2), both in violation of 21 U.S.C. § 841(a)(1).[2] (*United States v. Toomes*, No. 08-cr-10010-JDB-1 (W.D. Tenn.), D.E. 2.) The Defendant pleaded guilty to Count 1 (*id.*, D.E. 90) pursuant to an agreement with the Government (*id.*, D.E. 91).

The prosecution subsequently filed a notice of intent to seek an upward departure under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). (*Id.*, D.E. 163.) The notice alleged that the Defendant assaulted a physician during a medical visit by spitting on her and hitting her in the head with a book.

In early 2009, the United States Probation Office submitted a presentence report to the parties (the "PSR"). The PSR set forth the calculation of the applicable sentencing range under the Guidelines.[3] It assigned an adjusted offense level of 24, which was increased to 34 under the career offender provision. *See* U.S.S.G. § 4B1.1. The enhancement was based on the Defendant's Tennessee convictions for aggravated assault and the sale of cocaine. (*See* PSR at 12, 13.) A three-point reduction for acceptance of responsibility was applied. Based on a total offense level of 31 and a criminal history category of VI, the Guidelines imprisonment range was calculated to be 188–235 months. The Court sentenced the Defendant to 240 months'

---

[2] In its discussion of the underlying criminal matter, the Court will refer to Toomes as the "Defendant."

[3] All references to the Guidelines are to the Guidelines in effect on the date of the Defendant's sentencing. *See* United States Sentencing Commission, *Guidelines Manual* (eff. Nov. 2008).

imprisonment, to be followed by a four-year period of supervised release. (*Toomes*, No. 08-cr-10010-JDB-egb, D.E. 193.)  Toomes did not take a direct appeal.

On August 5, 2011, he filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (*Toomes v. United States*, No. 1:11-cv-01240-JDB-egb (W.D. Tenn.), D.E. 1.)  This Court denied relief on May 22, 2012.  (*Id.*, D.E. 3.)  Five years later, the inmate filed his Petition, and then his Amended Petition, in the instant case.

## DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)) (internal quotation marks omitted).

In Claim 1, Toomes seeks relief from his enhanced sentence based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness.  *See Johnson*, 135 S. Ct. at 2557.  He insists that *Johnson*'s reasoning applies to the sentence imposed under U.S.S.G. § 4B1.1.

The argument fails.  On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines, explaining that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences."  *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017).  "[T]he Guidelines," thus "are not subject to a vagueness challenge under the Due Process Clause."  *Id.*  Claim 1 is therefore DENIED.

In Claim 2, the inmate maintains that his attorney rendered ineffective assistance by failing to (1) file a notice of appeal after he "requested counsel to do so," (2) challenge the indictment, (3) request "remand back to the State," (4) challenge the PSR, (5) "object to [the] career offender" designation, (6) "call state judge on [his] be[half], and (7) argue that his right to a speedy trial was violated. (D.E. 13 at PageID 46.) The claim constitutes a second or successive petition which requires authorization from the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The Sixth Circuit has already denied the inmate's request to proceed in this Court on his assertion that his attorney was ineffective for failing to challenge the PSR. (*See* D.E. 15 at PageID 51–52.) Sub-part 4 of the claim is therefore DISMISSED. The remaining sub-parts of Claim 2 are TRANSFERRED to the Sixth Circuit for authorization. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that districts courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).[4]

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322,

---

[4] The motion for appointment of counsel is DENIED. The *Johnson* claim is, as noted, without merit as a matter of law, and Toomes may file a new motion for counsel should the Sixth Circuit authorize the filing of a second or successive petition as to his ineffective assistance arguments.

336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny Claim 1 and dismiss sub-part 4 of Claim 2. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[5]

IT IS SO ORDERED this 28th day of January 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.